**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

ANGELA CLAYSON,

                              Plaintiff,

v.                                         Civil Action No. _____

RUBIN & ROTHMAN, LLC,                  **PLAINTIFF'S COMPLAINT**
                                                                    **AND JURY TRIAL DEMAND**
                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Angela Clayson is a natural person residing in the County of Allegany and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant, Rubin & Rothman, LLC, (hereinafter "Rubin") is a lawfirm organized as a limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a automobile loan to Ford Motor Credit. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That Defendant Rubin was employed by Ford Motor Credit to attempt to collect the subject debt.

13. That in approximately February of 2007, Defendant began contacting Plaintiff's mother by telephone. That during at least one of these telephone conversations, Defendant informed Plaintiff's mother that Plaintiff owed the subject debt to Ford Motor Credit and stated the amount of the subject debt. That prior to this notification, Plaintiff's mother had no knowledge of the subject debt.

14. That during the above mentioned telephone conversation, Plaintiff's mother informed Defendant that Plaintiff was applying for social security disability. Plaintiff's mother thereafter offered to pay $4,000.00 to satisfy the subject debt. Defendant replied that they would require medical evidence to document Plaintiff's disability, and that he would have to speak with the Ford Motor Credit in order to determine whether they would accept the offer.

15. That at no time did Plaintiff authorize Defendant to speak with her mother regarding the subject debt, nor did she ever authorize her mother to send Defendant her medical records.

16. That in approximately May or June of 2007, Defendant contacted Plaintiff for the first time and demanded payment of the subject debt. Plaintiff then informed Defendant that she had no income, and that her only expected future source of income was Social Security Disability Benefits, for which she had a pending claim. Defendant then stated that he was going to "drain all of [Plaintiff's] accounts", and that any money that went into her accounts could be taken.

17. That after the telephone call described in paragraph 16 herein, Plaintiff became so fearful that her Social Security Benefits would be seized by Defendant, that she told her parents that she would have to deposit those funds, when received, in their bank account.

18. That as a result of Defendant's conduct alleged herein, Plaintiff became nervous, anxious, upset and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692c(b) and 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) by failing to limit the subject of their conversations with Plaintiff's mother to seeking to obtain location information for Plaintiff, and by calling and speaking with Plaintiff's mother on more than one occasion.

    B. Defendant violated 15 U.S.C. §§1692d, 1692e(4), 1692e(5), 1692(10) and 1692f by threatening to "drain all of [Plaintiff's] accounts" even if the only funds contained therein were exempt Social Security Benefits.

    C. Defendant violated 15 U.S.C. §§1692e, 1692e(5), 1692e(10), and 1692f by demanding that Plaintiff's mother provide them with her daughter's private medical records and reviewing said records, without first obtaining an authorization from Plaintiff permitting such disclosure and review.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff and her parents became nervous, anxious, upset, and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k;

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   (d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: January 23, 2008

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Angela Clayson affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it. I am the Plaintiff in this civil proceeding.


Dated:  January 23, 2008                         /s/Angela Clayson_____
                                                 Angela Clayson