UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANGELA CLAYSON, | **AMENDED REPORT** |
| Plaintiff, | **and** |
| v. | **RECOMMENDATION** |
| RUBIN & ROTHMAN, LLC, | 08-CV-00066A(F) |
| Defendant. | |

---

APPEARANCES:  LAW OFFICES OF KENNETH HILLER
Attorneys for Plaintiff
KENNETH R. HILLER, and
AMANDA R. JORDAN, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

ROBERT L. ARLEO, ESQ.
Attorney for Defendant
164 Sunset Park Road
Haines Falls, New York 12436

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on April 2, 2008, for all pretrial matters, including preparation of a report and recommendation for dispositive motions. The matter is presently before the court on Defendant's motion for summary judgment (Doc. No. 11), filed March 18, 2009.

## BACKGROUND and FACTS[1]

In April 2004, Plaintiff Angela Clayson ("Plaintiff" or "Clayson"), while working at

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

the home of a client of the health care company with which Plaintiff was employed as a nurse, suffered an electric shock while using a clothes dryer, and was rendered unable to work. Subsequent to the injury, Plaintiff had no income, but did have debts, including an automobile loan ("the subject debt") with Ford Motor Credit ("Ford"). With no income to pay her debts, Plaintiff defaulted on the subject debt. On November 25, 2005, Plaintiff applied for Social Security Disability benefits ("disability benefits").

In February 2007, one Barry Mack ("Mack"), an employee of Defendant Rubin & Rothman, LLC ("Defendant" or "Rubin"), then under contract with Ford to collect on defaulted debts to Ford, contacted Plaintiff's mother, Lois Fancher ("Fancher"), by telephone in an attempt to collect the subject debt. Prior to these telephone conversations, Plaintiff's mother was unaware of the subject debt.

During one of the telephone conversations with Mack, Fancher informed Mack that Plaintiff was in the process of applying for disability benefits, and offered to pay Defendant $ 4,000 to satisfy the subject debt.[2] Mack responded that medical documentation was required to establish Plaintiff's disability, and that Defendant would need Ford's approval before accepting the $ 4,000 offer from Fancher. Fancher complied, and sent Defendant the requested medical documentation without Plaintiff's consent. Plaintiff maintains she never authorized her mother to speak with Defendant, or to send Defendant Plaintiff's medical records.

In May or June of 2007, Mack, for the first time, contacted Plaintiff by telephone, demanding payment of the subject debt. Plaintiff informed Mack of her lack of income,

---

[2] The full amount of the subject debt is not found in the record.

and that Plaintiff's only anticipated future income was disability benefits, for which Plaintiff's application remained pending. According to Plaintiff, Mack responded that if the subject debt was not paid, Defendant would "drain all of [Plaintiff's] accounts," and that any money in Plaintiff's accounts could be taken for payment of the subject debt. Complaint ¶ 16 (bracketed text in original). Plaintiff maintains that based upon and following this telephone conversation with Defendant, Plaintiff feared that should she ever receive the disability benefits for which she had applied, Defendant would seize the benefits, leaving Plaintiff without any income. As a result, Plaintiff advised her parents that Plaintiff would have to deposit the disability benefits in her parents' bank account to prevent Defendant from seizing them.

On January 24, 2008, Plaintiff commenced the instant action alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("the FDCPA" or "the Act"), by failing to limit conversations with Plaintiff's mother, Fancher, to seeking information to locate Plaintiff, by calling and speaking with Fancher about Plaintiff's debt more than once, by threatening to take money from Plaintiff's bank accounts, including any disability benefits, and by demanding Fancher provide Defendant with Plaintiff's medical records, and reviewing said records, without obtaining Plaintiff's authorization for such disclosure and review. Complaint ¶ 20. Plaintiff claims Defendant's threat to potentially seize her disability benefits caused Plaintiff to become nervous, anxious, upset, and to suffer from emotional distress. Complaint ¶ 21. In connection with Defendant's alleged unlawful activity, Plaintiff, pursuant to 15 U.S.C. § 1692k, seeks actual damages, statutory damages, and costs, disbursements and attorneys fees.

Defendant filed an answer on March 31, 2008 (Doc. No. 4). Defendant also

served Plaintiff pursuant to Fed. R. Civ. P. 68 with an Offer of Judgment ("Offer of Judgment"), agreeing to pay Plaintiff the FDCPA's statutory maximum of $ 1,000 in damages, $ 1,000 actual damages, plus attorneys fees and costs, but Plaintiff did not accept the offer.

On June 23, 2008, Plaintiff's disability benefits application was approved, and she began receiving disability benefits shortly thereafter. Plaintiff deposited her disability benefits into her mother's bank account to prevent Defendant from seizing the funds as Mack had threatened.

At her February 9, 2009 deposition, Plaintiff testified that the electrocution incident left her unable to work, and attributed 15 % of her emotional distress and depression to Defendant's debt collection attempts, with the remaining 85 % attributed to the effects of the electrocution and other psychological factors, including her inability to work and lack of income. Plaintiff conceded she never advised Defendant in writing that she did not wish to receive any communications from Defendant.

On March 18, 2009, Defendant filed a motion seeking summary judgment (Doc. No. 11) ("Defendant's motion"). Defendant's motion is supported by the attached Memorandum of Law (Doc. No. 11-2) ("Defendant's Memorandum"), Statement Pursuant to Local Rule 56.1 (Doc. No. 11-3) ("Defendant's Statement of Facts"), the Affirmation of Robert L. Arleo, Esq., in Support of Motion for Summary Judgment (Doc. No. 11-4) ("Arleo Affirmation"), and Defendant's Appendix of Exhibits A through F to Local Rule 56.1 Statement of Material Facts (Doc. No. 11-5) ("Defendant's Exh(s). __"). On March 20, 2009, Defendant filed the Affidavit of Keith H. Rothman in Support of Motion for Summary Judgment (Doc. No. 12) ("Rothman Affidavit").

In opposition to summary judgment, Plaintiff filed, on April 22, 2009, Plaintiff's Response to Defendant's Material Statement of Facts (Doc. No. 14) ("Plaintiff's Statement of Facts"), a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 14-2) ("Plaintiff's Memorandum"), the Affidavit of Plaintiff, Angela Clayson (Doc. No. 14-3) ("Plaintiff's Affidavit"), the Affidavit of Lois Fancher (Doc. No. 14-4) ("Fancher Affidavit"), the Affirmation of Kenneth R. Hiller, Esq. (Doc. No. 14-5) ("Hiller Affirmation"), Plaintiff's Appendix Pursuant to Local Rule 56.1(b) Statement of Material Facts (Doc. No. 14-6) ("Plaintiff's Appendix"), with exhibits A through C (Docs. Nos. 14-7 through 14-9) ("Plaintiff's Exh(s). __").  On May 8, 2009, Defendant filed the Affirmation of Robert L. Arleo, Esq. in Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. No. 15) ("Arleo Reply Affirmation). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion for summary judgment should be DENIED.

## DISCUSSION

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based

upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

Defendant moves for summary judgment, arguing Plaintiff is unable to sustain her burden establishing she is entitled to actual damages based on Defendant's alleged unlawful actions, and that the action is rendered moot by Defendant's tender of the Offer of Judgment. Defendant's Memorandum at 4. In opposition to summary judgment, Plaintiff argues that Defendant has overlooked the fact that Plaintiff seeks not only statutory damages, but also actual damages which may surpass the $ 1,000 actual damages contained in the offer of judgment. Plaintiff's Memorandum at 1. In further support of summary judgment, Defendant asserts that Plaintiff, by failing to accept Defendant's Offer of Judgment, has failed to mitigate her damages, and that the record is devoid of any evidence establishing Plaintiff's claim for actual damages based on emotional distress. Arleo Reply Affirmation ¶¶ 3-10.

"A violation of any provision of the FDCPA entitles the debtor to: actual damages, 15 U.S.C. § 1692k(a)(1); 'such additional damages as the court may allow, but not exceeding $ 1,000,' *id.* § 1692k(a)(2)(A); and 'the costs of the action, together with a reasonable attorney's fee as determined by the court,' *id.* § 1692k(a)(3)." *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808-09 (2d Cir. 1989) (quoting

15 U.S.C. § 1962k).  Here, Plaintiff seeks an award of all three types of damages allowable under the FDCPA.

To recover actual damages, the debtor must prove she suffered some specific loss.  *Emanuel*, 870 F.2d at 809.  *See Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir. 1989) (holding debtor who failed to establish any injury flowing from debt collector's violation of FDCPA should not be awarded actual damages).  Further, "'[w]hen the emotional distress alleged to have been suffered is the sort that would be experienced by reasonable people under the circumstances, some damage, even if merely nominal damage, can be presumed . . . .  The extent of plaintiff's injury can be proved by plaintiff's testimony alone.'"  *Miller v. Midpoint Resolution Group, LLC*, 608 F.Supp.2d 389, 394 (W.D.N.Y. 2009) (quoting *In re Baker*, 18 B.R. 243, 245 (Bk. W.D.N.Y. 1982)).

Regardless of whether the debtor recovers any actual damages, the debtor may also recover as statutory damages a maximum of $ 1,000 damages per action, *Donahue v. NFS, Inc.*, 781 F.Supp. 188, 191 (W.D.N.Y. 1991), "not per statutory violation."  *Sibersky v. Borah, Goldstein, Altschuler & Schwartz*, 242 F.Supp.2d 273, 277 (S.D.N.Y. 2002).  "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $ 1,000 ceiling."  *Savino v. Compute Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)).  As such, Plaintiff can recover a maximum of $ 1,000 statutory damages should she prove Defendant engaged in at least one FDCPA violation.

Finally, the FDCPA provides that in any successful FDCPA enforcement action,

regardless of whether actual or statutory damages, or both, are awarded, an award of costs and reasonable attorneys' fees is required unless the defendant debt collector successfully establishes a defense to the FDCPA violation pursuant to 15 U.S.C. § 1962k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"); *Pipiles*, 886 F.2d at 28 (citing *Emanuel*, 870 F.2d at 809). Accordingly, should Plaintiff establish any violation of the FDCPA, regardless of whether Plaintiff is awarded any actual or statutory damages, she must be awarded the costs of this action, including reasonable attorneys' fees.

    As stated, Discussion, *supra*, at 6, Defendant seeks summary judgment on the basis that Plaintiff is unable to sustain her burden establishing she is entitled to actual damages based emotional distress caused by Defendant's alleged unlawful actions, and that the action is rendered moot by Defendant's tender of the Offer of Judgment, offering $ 1,000 actual damages, the maximum statutory damages of $ 1,000, and costs, including reasonable attorney's fees, which Plaintiff did not accept. Defendant's Memorandum at 4. Although an unaccepted offer of judgment is considered withdrawn, "[e]vidence of the unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). As such, Defendant's tender of the Offer of Judgment cannot be construed as an admission of a statutory violation of § 1962k, and Plaintiff's rejection is irrelevant to the determination of Defendant's liability. Therefore, whether Defendant violated the FDCPA remains an issue for summary judgment or

trial.

Despite Defendant's urging that Plaintiff cannot meet her burden of establishing actual damages based on emotional distress as a result of Defendant's alleged violation of the FDCPA, upon the record in this case, Plaintiff's claim for actual damages based on the alleged emotional distress Plaintiff suffered presents a genuine issue of material fact precluding summary judgment.  Defendant's argument is predicated on the fact that the only evidence on which Plaintiff relies in support of the claim is her own deposition testimony, Defendant's Memorandum at 12-16, and affidavits of Plaintiff and her mother.  Rothman Affidavit ¶¶ 6, 8-11.  Such evidence, evincing the availability of sworn testimony, is, however, sufficient to establish the existence of a material issue of fact precluding summary judgment.  *See DeGeorge v. LTD Financial Services, L.P.*, 2008 WL 905913, * 5 (W.D.N.Y. Mar. 31, 2008) (denying defendant debt collector's motion for partial summary judgment on plaintiff debtor's claim for actual damages based on emotional distress, and supported only by "Plaintiff's self-serving statements," because "[a]lthough the evidence of Plaintiff's emotional distress is fairly weak, it nonetheless exists in the record, and Plaintiff is entitled to have a jury determine what, if any, damages he is due.").  *See also Rosenberg v. Calvary Investments*, LLC, 2005 WL 2490353, * 1 (D.Conn. Sep't. 30, 2005) (accepting plaintiff's affidavit statement that plaintiff was "worried, anxious and sleepless" because of defendant's alleged conduct in violation of FDCPA as establishing material issue of fact sufficient to avoid summary judgment on issue of actual damages).

Each of the several cases Defendant cites in support of summary judgment on

Plaintiff's claim for actual damages based on emotional distress is inapposite. Actual damages under the FDCPA based on a plaintiff's alleged "brief embarrassment and familial discord" were denied in *Fontana v. C. Barry & Associates, LLC*, 2007 WL 2580490, *2 (W.D.N.Y. Sep't. 4, 2007), which Defendant cites in support of summary judgment. Significantly, *Fontana* was decided following a hearing before the district judge at which the only issue was what damages should be awarded following a default judgment in the plaintiff's favor. *Id*. at *1-2. In determining what damages to award, the district judge was required to weigh the facts as established by evidence at the hearing, in contrast to the instant case that is before the court on Defendant's motion seeking summary judgment. *Fontana*, thus, is procedurally inapposite. Moreover, a fair reading of Plaintiff's evidence in opposition to summary judgment, including her plausible fear that Plaintiff's disability benefits would be seized by Defendant, as Mack allegedly threatened, leaving Plaintiff destitute, indicates that the trier of fact could reasonably infer Plaintiff's alleged emotional difficulties went well beyond "brief embarrassment and familial discord." *Fontana*, 2007 WL 2580490, * 2.

Similarly, other cases cited by Defendant, Defendant's Memorandum at 15, in which the court denied the plaintiff's request for actual damages based on emotional distress were also before the trial court for a hearing only on damages, including *Read v. Amana Collection Services*, 1991 WL 165033 (W.D.N.Y. Aug. 12, 1991) (hearing on damages after summary judgment granted in favor of plaintiff on FDCPA claims); *In re Wingard*, 382 B.R. 892 (Bkrtcy. W.D. Pa. 2008) (hearing on damages for emotional distress injuries based on violation of bankruptcy stay); and *Krueger v. Ellis, Crosby and Associates, Inc.*, 2006 WL 3791402 (D. Conn. Nov. 9, 2006) (hearing on damages after

default judgment granted on plaintiff's FDCPA claim).  *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001), on which Defendant also relies, Defendant's Memorandum at 12, also is inapposite insofar as the case was before the court on appeal following trial in which a jury awarded the plaintiff actual damages for emotional distress.  An assertion that a fact trier in a case at bar will reach a result identical to that in reported cases based on even analogous evidence is insufficient to require summary judgment as it presupposes what result a reasonable juror would reach based on the particular evidence in the case at hand.  Such presupposition cannot negate an opposing party's entitlement to a jury trial.  *See Chauffeurs, Teamsters & Helpers Local 391 v. Terry*, 494 U.S. 558, 564 (1990) (stating the Seventh Amendment right to a jury trial attaches to suits in federal court in which legal rights and remedies are to be determined).  Here, Plaintiff has demanded a jury trial, Complaint at 3, Prayer for Relief, and Defendant has not challenged Plaintiff's right to a jury trial.

     Defendant's reliance on *Campbell v. Triad Financial Corp.*, 2007 WL 2973598, *14 (N.D. Ohio, Oct. 9, 2007), for the proposition that "mental distress claims in an FDCPA case must be founded upon identifiable actions of particular defendants, not a generally stressful situation," Defendant's Memorandum at 16, is also misplaced insofar as mental distress claims in that case were discussed only in connection with the *Fontana* plaintiff's alleged intentional infliction of emotional distress under Ohio state law, rather than under the FDCPA.  Significantly, the right to recover actual damages under the FDCPA based on emotional distress is both independent of the right to recover damages for emotional distress under state law, and does not require the same "heightened showing of emotional distress under state law. . . ."  *Donahue*, 781 F.Supp.

at 193.  Significantly, in *Donahue*, also cited by Defendant, Defendant's Memorandum at 14-15, the court, in connection with the plaintiff debtor's motion for default judgment, awarded plaintiff $ 100 in actual damages for emotional distress suffered when defendant debt collector sent plaintiff debtor three notices referencing an $ 18.94 debt, despite the fact that plaintiff admitted other debt collectors were seeking to recover money from her at the same time, and that her emotional distress was the collective result of all debt collectors' efforts to recover on several of plaintiff's defaulted debts.  *Donahue*, 781 F.Supp. at 193-94.  Such facts are significantly distinguishable from those of the instant case and demonstrate, by contrast, the substantiality of Plaintiff's claims and the potential for actual damages to be awarded here.

Taken together, the cases Defendant relies upon in support of summary judgment actually establish that despite the amount at issue and the fact that Plaintiff admits to other potential sources of her emotional distress, including a pre-existing injury that prevents her from working and other debts, whether Plaintiff can, at trial, establish the she suffered actual damages based on emotional distress caused by Defendant's violation of the FDCPA remains, on this record, a genuine issue of fact precluding summary judgment.  Further, Plaintiff must be permitted the opportunity to prove even nominal actual damages, even if the only evidence of such damages is her testimony.  *Miller*, 608 F.Supp.2d at 304.

Defendant also asserts that had Plaintiff advised in writing that she had legal representation, Defendant would have ceased communication with Plaintiff, thereby preventing any actual damages based on emotional distress.  Defendant's Memorandum at 17-18.  Although the FDCPA prohibits a debt collector from

communicating with a debtor who is represented by an attorney, 15 U.S.C. § 1692c(a)(2), nothing within the Act requires a debtor to provide written notice to a debt collector advising of such legal representation. As such, this argument is without merit.

Accordingly, Defendant's motion for summary judgment based on Plaintiff's inability to prove actual damages should be DENIED.

Nor is there any merit to Defendant's assertion, Defendant's Memorandum at 19-21, that Plaintiff's failure to accept Defendant's Offer of Judgment constitutes a failure to mitigate damages, thereby rendering the action moot. Significantly, although the Offer of Judgment agreed to pay Plaintiff the FDCPA's statutory maximum of $ 1,000 in damages, $ 1,000 in actual damages, plus attorneys fees and costs, because Plaintiff potentially could recover more than $ 1,000 in actual damages trial, it is not possible to determine, as a matter of law, whether the Offer of Judgment offered the full amount of all types of damages Plaintiff could recover under the FDCPA. *See Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321, 323-34 (S.D.N.Y. 2001) (holding FDCPA case, seeking actual and statutory damages, as well as costs, not rendered moot where defendant's "offer of judgment for $ 3,000, inclusive of attorney's fees and costs," did not necessarily provide for all damages plaintiff could recover under the FDCPA). As discussed, Discussion, *supra*, at 8-11, given Plaintiff's evidence in opposition, the court cannot decide on summary judgment whether Plaintiff has sustained actual damages in any amount up to or beyond the $ 1,000 offered.

Further, because mitigation implies a plaintiff's individual effort to reasonably reduce the extent of damages a plaintiff may otherwise incur as a result of a defendant's misconduct, a refusal to accept an Offer of Judgment, a device intended to

terminate litigation regardless of a plaintiff's mitigation efforts, does not constitute conclusive evidence of a plaintiff's mitigation if accepted, nor any lack thereof if not accepted. Defendant cites no authority in support of this novel proposition and the court's research reveals none. Additionally, mitigation is relevant to the question of damages, not liability, and the only sanction for a refusal to accept an Offer of Judgment is imposition of costs that may be awarded after trial where the verdict is for less than the offer. Fed. R. Civ. P. 68(d).

Accordingly, Defendant's motion, insofar as it seeks summary judgment on the basis that Plaintiff's failure to accept the Offer of Judgment constitutes a failure to mitigate damages, rendering the action moot, should be DENIED.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment (Doc. No. 11), should be DENIED.

>                    Respectfully submitted,
>
>                    /s/ *Leslie G. Foschio*
>                    _____
>                    LESLIE G. FOSCHIO
>                    UNITED STATES MAGISTRATE JUDGE

DATED:    January 20 , 2010
          Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 20, 2010
         Buffalo, New York